```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION

SHALANDRA M. WASHINGTON,       :
                               :
         Plaintiff,            :
                               :      CIVIL ACTION
         v.                    :
                               :      NO. 1:10-CV-823-TWT-ECS
SPRINT FOOD STORES, INC.,      :
                               :
         Defendant.            :
                               :
```

**O R D E R**

Attached is the Final Report and Recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. The Clerk shall serve this Final Report and Recommendation on the parties.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), within fourteen (14) days after being served with a copy, each party may file written objections, if any, to this Final Report and Recommendation. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript, if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Final Report and Recommendation may be adopted as the opinion and order of the

District Court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied, 464 U.S. 1050, 104 S.Ct. 729 (1984).

The Clerk is **DIRECTED** to submit the Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 2nd day of December, 2010.

s/ *E. Clayton Scofield*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHALANDRA M. WASHINGTON, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 1:10-CV-823-TWT-ECS |
| SPRINT FOOD STORES, INC., | : |
| Defendant. | : |

**FINAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This action is before the Court on Defendant's motion to dismiss. [Doc. 3]. Plaintiff has not responded to Defendant's motion within the time allowed. Therefore, the motion is deemed unopposed. See LR 7.1B, NDGa. For the reasons discussed herein, it is **RECOMMENDED** that Defendant's motion be **GRANTED**.

## I.
## Background

On March 23, 2010, Plaintiff filed this civil action, alleging race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") based on Defendant's termination of Plaintiff. [Doc. 1]. Plaintiff, an African-American female who worked as an assistant manager at Defendant's convenient store, alleges the following: a Caucasian customer presented Plaintiff with a check and asked to

3

receive cash back [Doc. 1 at 3]; because such a transaction violated company policy, Plaintiff refused to engage in the transaction, [id.]; the customer complained to Plaintiff's supervisor, [id.]; and though Plaintiff's supervisor assured Plaintiff that Plaintiff had followed company protocol, Plaintiff was fired the following day for "fail[ing] to satisfy the customer," [id. at 3-4].

## II.
## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). When considering such a motion, a court must accept the allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. M.T.V. v. DeKalb Cnty. Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006) (citation omitted); Fuller v. Johannessen, 76 F.3d 347, 349-50 (11th Cir. 1996). Although the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the

4

allegations in the complaint are true (even if doubtful in fact)." Id.

Since Twombly, the Supreme Court has clarified that Rule 8 of the Federal Rules of Civil Procedure[1] requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). Therefore, the plaintiff must plead "factual content that [would] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.
### Defendant's Motion to Dismiss

In its motion to dismiss, Defendant argues that Plaintiff's complaint should be dismissed because it does not set forth a prima facie discrimination claim under Title VII. [Doc. 3-1]. Defendant

---

[1] Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

5

argues that Plaintiff fails to show that she was qualified for her position and that she was treated less favorably than a member outside of her class. [Id.].

To set forth a prima facie showing of discrimination under Title VII, a plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly situated individual outside of her protected class. Burke-Fowler v. Orange Cnty., Fla., 447 F.3d 1319, 1323 (11th Cir. 2006) (internal citations omitted).

In this case, the undersigned agrees with Defendant that Plaintiff's complaint does not allege any facts that would suggest that she was treated less favorably than any similarly situated individual outside of her protected class. Though a plaintiff need not show a prima facie case of Title VII discrimination to prevail on a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002), a plaintiff's complaint nonetheless must satisfy the aforementioned pleading requirements of Twombly and Iqbal to survive a motion to dismiss. The only references to race discrimination in Plaintiff's complaint include the title of Plaintiff's complaint ("TITLE VII COMPLAIN T (sic)"), [Doc. 1 at 1], that Plaintiff is a "black[] female," [id. at 3], and that the customer who requested the cash back transaction was "[a] white

6

female," [id.]. Without more, Plaintiff's complaint does not plead "enough facts to state a claim to relief that is plausible on its face." See Twombly, 550 U.S. at 547; accord Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) ("A complaint must state a plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (internal citation omitted). Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim.

## IV.
## Conclusion

Because Plaintiff's complaint fails to state a claim of discrimination under Title VII, it is **RECOMMENDED** that Defendant's motion to dismiss [Doc. 3] be **GRANTED**.

**SO REPORTED AND RECOMMENDED**, this 2nd day of December, 2010.

    s/ *E. Clayton Scofield*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE